## DRAKE v. AVANZINI.

1. COUNTERCLAIM.

Damages claimed to have accrued by reason of attachment proceedings by the assignee of the claims sued on, which claims have been reassigned before the commencement of the pending action, are not available as a counterclaim.

2. ATTACHMENT—BURDEN OF PROOF.

Where the facts alleged in the affidavit as the ground of attachment are traversed by the defendant, the burden of proof is upon the plaintiff to show their existence, and upon his failure to do this the attachment should be dissolved.

*Appeal from the County Court of Gilpin County.*

On the 23d of October, 1890, the appellee instituted this action in the county court of Gilpin county against the appellant to recover $87 alleged to be due him for work and labor performed for appellant upon the Mary Miller mine between the first day of August and the first day of October, 1890; and also to recover the sum of $84.50 for work done by Louis Avanzini in the same mine, between the same dates, as assignee of such claim.

An attachment was sued out, based upon the ground of failure of defendant to pay for work and labor which should have been paid for when the services were rendered.

On November 29, 1890, the appellant filed his answer containing, *first*, a general denial; *second*, that appellee and Louis Avanzini had theretofore assigned said claims to one Frank Schoesser and that said Schoesser was the lawful holder and owner of same; and, *third*, setting up an alleged counterclaim, which may be briefly summarized as follows:

That the plaintiff, together with Louis Avanzini, on the 29th day of September, 1890, assigned the claims upon which this action is brought to one Frank Schoesser; that on that date Schoesser commenced an action on these and certain other claims assigned to him by other parties, against the appellant, and sued out a writ of. attachment in that action, that was by the sheriff of Gilpin county levied upon a car load of ore belonging to appellant.

That in pursuance of an undertaking executed by Samuel V. Newell and one Harry G. Shuck the ore was released, shipped to the smelting works at Denver, and the proceeds of the same retained by Shuck to indemnify himself and his cosurety on such undertaking.

That on the 30th day of September, 1890, one Benjamin F. Lowell commenced an action in the district court of the first judicial district against Frank, Schoesser to recover the sum of $65.93, wherein a writ of attachment was issued and delivered to the sheriff of Gilpin county, who, by the direction of Lowell, garnished Shuck as a debtor of said Schoesser.

That Shuck, in response to the interrogatories propounded, answered in substance that he had in his possession, as bondsman for appellant, the sum of $458, the proceeds of the car of ore aforesaid.

That said Lowell recovered judgment by default in that action against Schoesser for his claim and costs, and that a motion for judgment upon the answer of the garnishee was pending in the action. That several other suits were brought by different parties against said Schoesser before justices of the peace and in the county court, in which attachments were issued and garnishee process served upon Shuck, to which he answered in substance as above set forth; and that judgment had been rendered against him as garnishee in said actions.

That afterwards, and on the 14th day of October, 1890, Schoesser dismissed his suit and attachment proceedings against the appellant; alleges that appellant has been damaged by reason of said proceedings in the sum of $900, and

prays that Frank Schoesser and all the other parties for whom he instituted said action as assignee be made parties to this action, and that such damages be allowed as a counterclaim against the plaintiff.

On motion this counterclaim was stricken from the answer. Plaintiff filed a replication to the second ground of the answer, denying that Schoesser was the owner of the claims, and alleging that the same had been reassigned by him to plaintiff before the commencement of this suit. Upon these issues the cause came on for trial and judgment was rendered in favor of plaintiff both upon the merits of the case and upon the attachment issue.

Messrs. FULLERTON & VAN AUKEN, for appellant.

Messrs. LIVESAY & HURLBUT, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

Numerous errors are assigned, but they are chiefly predicated upon the action of the court below in striking the counterclaim from the answer and the rejection of testimony offered in support of the facts alleged therein.

It appears from the uncontradicted evidence introduced by plaintiff that the plaintiff and his assignor performed the service sued for and that they had not been paid. The denial of appellee's right to maintain the action on account of the prior assignment of the claims to Schoesser, and the institution of the suit thereon by him is without merit, since it clearly appears that that action was dismissed and the claims reassigned by him to plaintiff and his assignor before the commencement of this action.

The third defense was properly stricken from the answer, as the facts alleged therein constituted no counterclaim to plaintiff's cause of action. The damages, if any, caused to appellant by the suing out of the attachment in the former action must be recovered, if at all, in an action against

Schoesser and his surety on the attachment bond, and cannot be made available as a counterclaim against the plaintiff in this action for two apparent reasons. *First*, the plaintiff was not a party to that instrument; and, *second*, if he could be held liable, as appellant's counsel seem to claim, for a portion of such damages by reason of being a party in interest in the action, such liability would be a joint one and not available as a counterclaim in an action brought by him to recover an individual indebtedness.

The defendant's liability to plaintiff for the services performed by him and his assignor was in no way affected or lessened by any of the facts alleged in the counterclaim, and upon the evidence the court correctly adjudged him liable for the amount sued for. A diligent and careful examination of the record fails to disclose any evidence upon which the judgment of the court below, in sustaining the attachment, can be upheld. There is no evidence of the terms of the contract under which the services were performed, or of the time when they were to be paid for. The appellant having traversed the facts, alleged in the affidavit as the ground of attachment, the burden was upon the plaintiff to show their existence. Failing to do this, the court erred in refusing to dissolve the attachment. The judgment of the court below, upon the merits, is therefore affirmed; and its judgment upon the attachment issue reversed and attachment dismissed at costs of appellee; costs in this court to be paid by appellant.

*Judgment modified.*